

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JAIME SUSANNE MISENHEIMER, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | Civil Action No. 3:20-04487-MGL |
| UNIVERSITY OF SOUTH CAROLINA and | § | |
| DAVID W. VOROS, | § | |
|     Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATIONS
TO THE EXTENT PROVIDED HEREIN**

Plaintiff Jaime Susanne Misenheimer (Misenheimer) filed this job discrimination employment action against her former employer, Defendant University of South Carolina (USC), and Defendant David W. Voros (Voros).

The matter is before the Court for review of two Reports and Recommendations from the United States Magistrate Judge. In the first Report and Recommendation (Report I), the Magistrate Judge suggests USC's motion for summary judgment be granted as to any Title VII disparate treatment or quid pro quo claims and any Title IX claims and denied as to all other claims. In the second Report and Recommendation (Report II), the Magistrate Judge recommends Voros' motion for summary judgment be granted.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed Reports I and II on July 27, 2023; and Misenheimer filed her timely objections to both Reports on August 10, 2023. Voros filed a reply on August 24, 2023. Neither USC nor Voros filed any objections to the Reports.

Voros is Misenheimer's former colleague at USC's School of Visual Arts and Design, where he was still employed as a tenured professor when Misenheimer filed this lawsuit. This case concerns Voros's alleged misbehavior directed at Misenheimer and USC's purported response and/or lack of an adequate response to his alleged misbehavior.

The Court will first discuss Report I, which concerns USC's motion for summary judgment. Misenheimer's amended complaint includes the following claims against USC: defamation, negligent supervision and retention, sex discrimination (under both Title VII and Title IX), race discrimination (under Title VII), retaliation (under both Title VII and Title IX), deliberate indifference (under Title IX), and breach of contract. The parties, however, have stipulated to the dismissal of the defamation and race discrimination claims.

As the Court stated above, the Magistrate Judge suggests USC's motion for summary judgment be granted as to any Title VII disparate treatment or quid pro quo claims and any Title IX claims, and denied as to all other claims. Misenheimer fails to object to the dismissal of those claims. So, the Court will dismiss those without objection.

She objects, however, to the Report's "conclusion that only acts as of November 21, 2017 and beyond are timely with respect to [her] Title VII retaliation claim." Objections to Report I at 1.

Because Misenheimer's Title VII retaliation claim will move forward, in accordance with the Magistrate Judge's recommendation, the Court need not address this objection. To the extent necessary and appropriate, the parties can raise this issue again in preparation for or at trial.

The Court turns now to Report II, which concerns Voros's motion for summary judgment. In Misenheimer's amended complaint, she brought two claims against Voros: defamation and tortious interference with contractual relations. Although the Magistrate Judge suggests the Court grant summary judgment as to both claims, Misenheimer's objections address only the tortious interference claim. Thus, the Court will grant, without opposition, Voros's motion for summary judgment as to Misenheimer's defamation claim against him.

Misenheimer lodges two objections against Report II. In her first objection, she contends the Magistrate Judge erred in concluding "[t]he record contains [in]sufficient evidence that [she] was constructively discharged because of the hostile work environment that . . . Voros created." Objections to Report II at 1.

Although Misenheimer failed to make these arguments to the Magistrate Judge, "as part of its obligation to determine de novo any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the [Magistrate Judge]." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992).

"The elements of a cause of action for tortious interference with contract are: (1) existence of a valid contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) resulting damages." *Camp v. Springs Mortg. Corp.*,

426 S.E.2d 304, 305 (1993). "An essential element to the cause of action for tortious interference with contractual relations requires the intentional procurement of the contract's breach." *Eldeco, Inc. v. Charleston Cnty. Sch. Dist.*, 642 S.E.2d 726, 732 (2007) (citation omitted).

"[T]he alleged act of interference must influence, induce, or coerce one of the parties to the contract to abandon the relationship or breach the contract. The plaintiff must show that, but for the interference, the contractual relationship would have continued." *Bocook Outdoor Media, Inc. v. Summey Outdoor Adver., Inc.*, 363 S.E.2d 390, 394–95 (S.C. Ct. App.1987) (abrogated on other grounds).

Put another way, "[t]he very nature of the tort of intentional interference with a contractual relationship requires that the third party's interference in fact procure the breach complained of. The alleged act of interference must influence, induce or coerce one of the parties to the contract to abandon the relationship or breach the contract." *Todd v. S.C. Farm Bureau Mut. Ins. Co.*, 321 S.E.2d 602, 608 (S.C. Ct. App. 1984) (abrogated on other grounds).

Simply put, construing all the evidence in the record in a light most favorable to Misenheimer, there is an issue of material fact as to whether, but for Voros's alleged misbehavior, the contractual relationship between USC and Misenheimer would have continued. Therefore, the granting of summary judgment on this claim would be inappropriate. Or, as Misenheimer states, "there is a question for the jury whether . . . Voros engaged in his harassing conduct with the purpose of interfering with [her] contractual relationship with . . . USC, and whether his actions resulted in the procurement of the breach, or the termination of [her] employment relationship with . . . USC." Objections to Report II at 6.

Consequently, the Court will sustain this objection.

In Misenheimer's second objection to Report II, she maintains the Magistrate Judge is mistaken in disagreeing that "[p]ersuasive authority exists to support the argument that a constructive discharge is a discharge for the purposes of a tortious interference with contract claim." Objections to Report II at 1 (internal quotation marks omitted) (emphasis omitted).

Given the Court's decision to allow Misenheimer's tortious interference claim to go forward, it need not address this objection.

After a thorough review of the Reports and the record in this case pursuant to the standard set forth above, the Court sustains Misenheimer's objections, as explained above, adopts the two Reports to the extent they do not contradict this Order, and incorporates them herein. Therefore, it is the judgment of the Court USC's motion for summary judgment is **GRANTED** as to Misenheimer's Title VII disparate treatment or quid pro quo claims and Title IX claims, but **DENIED** as to the rest of her claims; and Voros's motion for summary judgment is **GRANTED** as to Misenheimer's defamation claim, but **DENIED** as to her tortious interference claim.

**IT IS SO ORDERED.**

Signed this 13th day of September 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE